UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR WAGNER,
    Plaintiff,

v.      No. 5:18-cv-01813

WAYPOINT RESOURCE GROUP, LLC,
    Defendant.

**O P I N I O N**
Defendant's Motion to Dismiss, ECF No. 8 - Granted
Plaintiff's Motion Opposing Defendant's Motion to Dismiss, ECF No. 10 - Denied

**Joseph F. Leeson, Jr.**      February 13, 2019
**United States District Judge**

## I. INTRODUCTION

This Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA") case arises after Defendant Waypoint Resources Group, LLC allegedly placed four hang-up calls to Plaintiff Arthur Wagner's cell phone over a one-month period. When Wagner redialed the incoming number after the last hang-up call, a Waypoint representative answered and allegedly refused to provide information unless Wagner verified his identity. Wagner terminated the call, and Waypoint attempted no further communications. Instead, they investigated the account and determined that the debt had been resolved prior to Waypoint receiving it. For the reasons set forth below, Wagner has failed to state a claim and the Complaint is dismissed.

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.  ANALYSIS

Wagner cites six provisions of the FDCPA, none of which offer the relief he seeks. First, Wagner contends that his Caller ID reflected only the incoming telephone number of Waypoint, which he alleges is not "meaningful disclosure" under 15 U.S.C. § 1692d(6). However, hang-up calls do not constitute "the placement of telephone calls without meaningful disclosure of the caller's identity" within the meaning of 15 U.S.C. § 1692d(6). *See Wattie-Bey v. Modern Recovery Sols.*, No. 1:14-CV-01769, 2016 U.S. Dist. LEXIS 31765, at *16 (M.D. Pa. Mar. 10, 2016). The allegations therefore fail to state a claim.

Second, Wagner complains that when he called the last number from his Caller ID and spoke with a Waypoint representative, Waypoint requested personal information from him. Wagner asserts that such information is not required under 15 U.S.C. § 1692c. This section of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer," "if the debt collector knows the consumer is represented by an attorney with respect to such debt . . .," or "at the consumer's place of employment. . . ." 15 U.S.C. § 1692c. It also limits communication with third parties and governs when communications must cease. *See id.* Thus, a debt collector is not prohibited by this section from requesting information from a caller to confirm the caller's identity. If anything, § 1692c contemplates that a debt collector obtains necessary information to avoid communication with third parties. Wagner has therefore failed to state a claim under § 1692c.

Next, Wagner alleges two violations of § 1692g(a). He alleges that Waypoint failed to send out a letter containing notice of the debt and also refused to name the original creditor. Section 1692g(a) requires a debt collector "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt" to send out certain information in

writing, including the name of the creditor to whom the debt is owed. *See* 15 U.S.C. § 1692g(a). However, written notice is not required if "the consumer has paid the debt." *Id.* The instant Complaint and the documents attached thereto show that Waypoint first had "communication" with Wagner on June 21, 2017. *See Davis v. Phelan Hallinan & Diamond PC*, 687 F. App'x 140, 144 (3d Cir. 2017) ("A 'communication' is defined as 'the conveying of information regarding a debt directly or indirectly to any person through any medium.' 15 U.S.C. § 1692a(2)."); Compl. ¶ 15, ECF No. 2-2. Waypoint discovered shortly thereafter that Wagner had "paid the debt" prior to this date. *See* Compl. at Ex. 1. Accordingly, Waypoint was not required to send written notice, and Wagner has failed to state a claim under § 1692g(a).[1]

Wagner alleges, in the alternative, that if the debt had already been paid, Waypoint violated 15 U.S.C. § 1692e(2)(A), which prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt," by attempting to collect an alleged debt it knew or should have known had been paid. However, there are no allegations that Waypoint knew the debt had been paid when it attempted to reach Wagner; rather, Waypoint only learned this after it's communication with Wagner on June 21, 2017. *See* Compl. at Ex. 1. Contrary to Wagner's suggestion, the FDCPA "does not require a debt collector to independently investigate a debt before it begins collection activities, let alone affirmatively verify every aspect of the chain of assignment of the right to collect on a debt." *Dixon v. Stern & Eisenburg, PC*, 652 F. App'x 128, 133 (3d Cir. 2016). In his motion opposing dismissal, Wagner cites case law regarding the bona fide error defense to argue that Waypoint did not have adequate safeguarding procedures. His reliance on these cases is misplaced, however, because the bona fide error defense is just that, a defense. Here Wagner has failed to state any violation of the FDCPA that would trigger the need for Waypoint to assert an affirmative defense. Thus, Wagner has failed to state a claim under § 1692e(2)(A).

The Complaint fails to plead any violation of the FDCPA and is dismissed. Regardless of the fact that Wagner has not sought leave to amend, the Court finds that any amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment,

---

[1] Wagner also fails to state a claim under 15 U.S.C. § 1692g(b) because the requirement under § 1692g(b) that a debt collector notify the consumer of the original creditor is only activated if "the consumer notifies the debt collector *in writing*." 15 U.S.C. § 1692g(B) (emphasis added). Wagner did not make any such written request of Waypoint.

a court should grant a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it). The Complaint is therefore dismissed with prejudice.

## IV. CONCLUSION

Wagner has not alleged any violation of the FDCPA, and the Complaint is dismissed. A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge